Case 5:23-cv-00695-MHH   Document 1   Filed 05/31/23   Page 1 of 16

Pro Se General Complaint for a Civil Case (Rev.10/16)

FILED
2023 May-31 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States District Court
## for the
### NORTHERN DISTRICT OF ALABAMA

FILED
2023 MAY 31 A 9:48

Tamara Brown and Jasmine Henderson

*Plaintiff*
(Write your full name. No more than one plaintiff may be named in a pro se complaint)

v.

Case No.: 5:23CV695-MHH
(to be filled in by the Clerk's Office)

JURY TRIAL ☐ Yes ☐ No

Oakwood University

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all defendants cannot fit in the space above or on page 2, please write "see attached" in the space and attach an additional page with the full list of names)
Leslie N. Pollard Ph.D
Nadine Dowdie, MPH, RDN

## COMPLAINT FOR A CIVIL CASE

**I.   The Parties to This Complaint**

    **A.**  **The Plaintiff**
        Name: Tamara Brown and Jasmine Henderson
        Street Address: P.O. Box 383064
        City and County: Germantown, TN 38138 (Shelby)
        State and Zip Code: Tennessee, 38138
        Telephone Number: 901-671-5133

    **B.**  **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization or a corporation. If you are suing an individual in his/her official capacity, include the person's job or title. Attach additional pages if needed.

Pro Se General Complaint for a Civil Case (Rev.10/16)

Defendant No. 1
  Name: Nadine Dowdie, MPH, RDN, LD
  Job or Title: Distance Dietetic Internship Director
  Street Address: 7000 Adventist Boulevard Northwest
  City and County: Huntsville, AL 35896 (Madison)
  State and Zip Code: ALABAMA 35896
  256-726-7236/7228

Defendant No. 2
  Name: Leslie Nelson Pollard Ph.D
  Job or Title: President and Chief Executive
  Street Address: 7000 Adventist Boulevard Northwest
  City and County: Huntsville, AL 35896 (Madison)
  State and Zip Code: Alabama 35896

Defendant No. 3
  Name: Abu Sabha Rayane
  Job or Title: Executive Director Academy Nutrition
  Street Address: 120 South Riverside Plaza Dietetics
  City and County: Chicago (Cook County)
  State and Zip Code: Illinois 60606
  312-899-4780

Defendant No. 4
  Name: Mary Ann Tacona
  Job or Title: Associate Executive Director Nutrition
  Street Address: 120 South Riverside Plaza Dietetics
  City and County: Chicago (Cook County)
  State and Zip Code: Illinois 60606
  312-899-4727

Defendant No. 5
  Name: Glenda Baskin Glover, President
  Job or Title: President Tennessee State University
  Street Address: 3500 John A. Merritt Blvd.
  City and County: Nashville (Davidson)
  State and Zip Code: Tennessee 37209

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only these types of cases can be heard in federal court: a dispute that involves a right in the United States Constitution or a federal law (as opposed to a state law or local ordinance); a dispute that involves the United States of America (or any of its agencies, officers or employees in their official capacities) as a party; and a dispute between citizens of different states with an amount in controversy that is more than $75,000.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Constitutional or Federal Question   ■ USA Defendant   ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction is USA defendant

The Defendant(s)

Name of Agency _____

Address _____

### B. If the Basis for Jurisdiction is a Constitutional or Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

_____
_____
_____

Pro Se General Complaint for a Civil Case (Rev. 10/16)

    **C.**   **If the Basis for Jurisdiction is Diversity of Citizenship**

        1. The Plaintiff

          The plaintiff, *(name)*_____, is a citizen of the State of *(name)*_____.

        2. The Defendant(s)

          a. If the defendant is an individual

            The defendant, *(name)*_____, is a citizen of the State of *(name)*_____. Or is a citizen of *(foreign nation)* _____.

          b. If the defendant is a corporation

            The defendant, *(name)*_____, is incorporated under the laws of the State of *(name)*_____, and has its principal place of business in the State of *(name)*_____.

            Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

        *(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

        3.    The Amount in Controversy

            The amount in controversy – the amount the plaintiff claims the defendant owes or the amount that is at state – is more than $75,000, not counting interest and costs of court, because: *(explain)*

            _____
            _____
            _____

**III.**   **Statement of Claim**

Write a short and plain statement of the claim. Briefly state the facts showing that the plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The Oakwood University has not returned Jasmine Henderson's tuition after the Director Nadine Dawdie, repeated lied to both Jasmine Henderson and Tamara Brown in regards to contacting Preceptors, and sending appropriate Affiliation Agreements to Preceptors.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks for the court to order. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive (punishment) or exemplary (warning or deterrent) damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The relief is provided in the petition.

Pro Se General Complaint for a Civil Case (Rev.10/16)

## V. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint; (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

First Name: Tamara   Last Name: Brown
Mailing Address: P.O. Box 383064
City and State: Germantown, TN   Zip Code: 38138
Telephone Number: 901-671-5133
E-mail Address: tambrown@netzero.net

Signature of plaintiff: Tamara Brown
Date signed: May 2, 2023

**OPTIONAL**

You may request to receive electronic notifications. You <u>may not</u> file documents or communicate with the court electronically. All documents must be submitted in <u>paper</u> and you must serve the defendants.

Type of personal computer and related software/equipment required:

- Personal computer running a standard platform such as Windows or Mac OSX
- Internet access (high speed is recommended)
- A Web browser (Microsoft Internet Explorer 7.0 or 6.0 or Mozilla Firefox 2 or 1.5)
- Adobe Acrobat Reader is needed for viewing e-filed documents
- PACER account – Information and registration at www.pacer.gov

Page 6 of 7

Pro Se General Complaint for a Civil Case (Rev.10/16)

- You will receive one "free" look of the document. Documents must be viewed within 14 days. You must only single-click on the hyperlink to view.

**Note: You must promptly notice the Clerk's Office, in writing, if there is a change in your designated e-mail address. Failure to update your email address does <u>not</u> excuse failures to appear or timely respond.**

E-mail type:

☐ HTML – Recommended for most e-mail clients

☐ Plain Text – Recommended for e-mail accounts unable to process HTML e-mail

Conditioned upon the sufficiency of your electronic equipment which the court will test and verify receipt, you will be allowed to receive electronic notifications.

By submitting this request, the undersigned consents to electronic service and waives the right to personal service and service by first class mail pursuant to Rule 5(b)(2) of the Federal Rules of Civil Procedure, except with regard to service of a summons and complaint.

When a filing is entered on the case docket, a party who is registered for electronic noticing will receive a Notice of Electronic Filing in his/her designated e-mail account. The Notice will allow one free look at the document, and any attached .pdf may be printed or saved.

IMPORTANT:

Messages sent to Yahoo or AOL accounts are frequently found in the spam folder until the court is added to your address book.

E-mail address designated for noticing:

_____

Participant signature:_____

Date:_____

Page 7 of 7

United States District Court for the Northern District of Alabama

Tamara Brown
Jasmine Henderson
Vs.
Oakwood University
Nadine Dowdie, MPH
Distance Dietetics Director
Leslie Nelson Pollard Ph.D
President and Chief Executive
Abu Sabha Rayane
Executive Director Academy of Nutrition
Mary Ann Tacona
Associate Executive Director Nutrition
Glenda Baskin Glover, President Tennessee State University

2023 MAY 31 A 9:48

N.D. OF ALA.

## Federal Statutes

Many of these students had families and could not pursue further education or training because they had defaulted on previous student loans used to attend a trade school, and thus did not qualify for any current financial aid (including Pell Grants), which they needed to support themselves while attending Community College to obtain training.

Removing the 90/10 protection will have severe consequences in my district. The provisions of HR 507 easing the restrictions on distance learning, and including proprietary institutions within the definition of ``an institution of higher education' must be rejected. It is time we thought about the students, not just the school's bottom line. These schools had a gross default rate of 44.6% for the period 2000-2002.\1\

---

\1\ ED-OIG/A03-C0017 DECEMBER 2003 ``Audit to Determine if Cohort Default Rates Provide Sufficient Information on Defaults in the Title IV Loan Programs'-See chart on p. A1 titled ``Gross Default Rates By Risk Category' (hereinafter referred to as Audit Defaults).

---

## NO STATUTE OF LIMITATIONS

In this country,
for the collection of student loans from defaulting students. When these students are suffering under a crushing student debt burden, because the promised jobs were nowhere to be found, they learn that these loans cannot be discharged in bankruptcy

So, the government has insulated itself from the consequences of these schools' deception, and the disastrous consequences. Don't these ripped-off students deserve some consideration and protection?

The reason that I am so strongly support the 90/10 rule, formerly 85/15 (which should actually have a larger number at the bottom), is

because I think my constituents and other low income persons and minorities are ill-served by the for-profit colleges and need even more protection from the false sales pitches of many of these for-schools. `` Poorer Students Outcomes at Schools that Rely More on Federal Student Aid \2\," provides support for the 90/10 rule. The rationale behind the 85/15 or the 90/10 rule is that schools providing a quality education should be able to attract a reasonable percentage of their revenue from sources other than title IV funds.

## Complaint I- Negligent Entrustment

Nadine Dowdy did not call Jasmine Henderson Preceptors. Nadine Dowdy did not give Jasmine Henderson two Internship Agreement forms which are kept on file by Oakwood University. This form is used to determine if the Internship has a stipend for compensation. The Affiliation Agreement was not sent to the Preceptor's, which Nadine Dowdie made me believe that she had sent the paperwork. When I reached back out to the Preceptors that we submitted to Nadine Dowdie I was told that no one from Oakwood University had contacted their agencies. The Affiliation Agreement is a document that is sent by Oakwood to the Preceptor. The document should contain Signature of the Dean or Legal Designee of the University. It should contain the signature of the Program Director. The document should also contain a start date and end date. Jasmine Henderson withdrew from Oakwood University when we learned that she had lied to me and my daughter. Nadine Dowdie had in fact been lying and we requested Jasmine Henderson's tuition payment to be returned. The University did not request proof of COVID Vaccination Cards, request fingerprint, or drug screen of Jasmine Henderson.
After, we were informed that we were being lied to by Nadine Dowdy. I contacted the Dietetics Association called Eat Right and the US Department of Education, President of Oakwood University, and Tennessee State University by letter. Jasmine Henderson had to create an account and apply to internships as a black female who have a history of being denied training. Jasmine Henderson paid fees to this organization as well as application fees. I am a single parent and work on a small income. I have a disability for which I can provide documentation from my rehabilitative counselor. We contacted TSU to see what other kinds of jobs Jasmine could qualify for with her degree.

Tennessee State University is also plagued with problems. On several occasions I had to travel to the college because of problems such as someone stealing from Jasmine Henderson, housing was also another major problem because it took them months on end to get Jasmine Henderson into housing, and issues with Staff blatantly lying on Jasmine Henderson that she did not turn in keys and having her wait for hours. The Director of Housing had Jasmine there for hours when I saw my daughter turn in the keys to her dorm. The staff at TSU in my opinion did not treat all students equally and I am disappointed in the Education System, especially with how smart students were treated. The training for Nutritionist has obviously been placed on back end when it comes to training and jobs.

Wherefore, Plaintiffs Demands the following:

1. That proper process issue and be served upon the defendants Oakwood University Nadine Dowdie, MPH Distance Dietetics Director Leslie Nelson Pollard Ph.D President and Chief Executive Abu Sabha Rayane, Executive Director Academy of Nutrition
Mary Ann Tacona Associate Executive Director Nutrition Glenda Baskin Glover, President Tennessee State University
   be required to appear and answer this complaint with the time required by law.
2. That plaintiffs, Tamara Brown and Jasmine Henderson be awarded a judgement against the defendants, jointly and severally, in the amount of $Tuition Dollars in compensatory damages and $12, 0000.00 Dollars in punitive damages.
3. That the costs of this action be awarded to plaintiffs.
4. Such further and other general relief to which plaintiffs may be entitled.

Respectfully submitted,
Tamara Brown
PO Box 383064
Germantown, TN 38138
1-(901)671-5133
May 1, 2023

*Tamara Brown* (signature)

United States District Court for the Northern District of Alabama

Tamara Brown
Jasmine Henderson
Vs.
Oakwood University
Nadine Dowdie, MPH
Distance Dietetics Director
Leslie Nelson Pollard Ph.D
President and Chief Executive
Abu Sabha Rayane
Executive Director Academy of Nutrition
Mary Ann Tacona
Associate Executive Director Nutrition
Glenda Baskin Glover, President Tennessee State University

## Federal Statutes

Many of these students had families and could not pursue further education or training because they had defaulted on previous student loans used to attend a trade school, and thus did not qualify for any current financial aid (including Pell Grants), which they needed to support themselves while attending Community College to obtain training.

Removing the 90/10 protection will have severe consequences in my district. The provisions of HR 507 easing the restrictions on distance learning, and including proprietary institutions within the definition of ``an institution of higher education' must be rejected. It is time we thought about the students, not just the school's bottom line. These schools had a gross default rate of 44.6% for the period 2000-2002.\1\

--------------------------------------------------------------------

\1\ ED-OIG/A03-C0017 DECEMBER 2003 ``Audit to Determine if Cohort Default Rates Provide Sufficient Information on Defaults in the Title IV Loan Programs'-See chart on p. A1 titled ``Gross Default Rates By Risk Category' (hereinafter referred to as Audit Defaults).

--------------------------------------------------------------------

## NO STATUTE OF LIMITATIONS

In this country,
for the collection of student loans from defaulting students. When these students are suffering under a crushing student debt burden, because the promised jobs were nowhere to be found, they learn that these loans cannot be discharged in bankruptcy

So, the government has insulated itself from the consequences of these schools' deception, and the disastrous consequences. Don't these ripped-off students deserve some consideration and protection?

The reason that I am so strongly support the 90/10 rule, formerly 85/15 (which should actually have a larger number at the bottom), is

because I think my constituents and other low income persons and minorities are ill-served by the for-profit colleges and need even more protection from the false sales pitches of many of these for-schools. ``Poorer Students Outcomes at Schools that Rely More on Federal Student Aid \2\," provides support for the 90/10 rule. The rationale behind the 85/15 or the 90/10 rule is that schools providing a quality education should be able to attract a reasonable percentage of their revenue from sources other than title IV funds.

## Complaint I- Negligent Entrustment

Nadine Dowdy did not call Jasmine Henderson Preceptors. Nadine Dowdy did not give Jasmine Henderson two Internship Agreement forms which are kept on file by Oakwood University. This form is used to determine if the Internship has a stipend for compensation. The Affiliation Agreement was not sent to the Preceptor's, which Nadine Dowdie made me believe that she had sent the paperwork. When I reached back out to the Preceptors that we submitted to Nadine Dowdie I was told that no one from Oakwood University had contacted their agencies. The Affiliation Agreement is a document that is sent by Oakwood to the Preceptor. The document should contain Signature of the Dean or Legal Designee of the University. It should contain the signature of the Program Director. The document should also contain a start date and end date. Jasmine Henderson withdrew from Oakwood University when we learned that she had lied to me and my daughter. Nadine Dowdie had in fact been lying and we requested Jasmine Henderson's tuition payment to be returned. The University did not request proof of COVID Vaccination Cards, request fingerprint, or drug screen of Jasmine Henderson.

After, we were informed that we were being lied to by Nadine Dowdy. I contacted the Dietetics Association called Eat Right and the US Department of Education, President of Oakwood University, and Tennessee State University by letter. Jasmine Henderson had to create an account and apply to internships as a black female who have a history of being denied training. Jasmine Henderson paid fees to this organization as well as application fees. I am a single parent and work on a small income. I have a disability for which I can provide documentation from my rehabilitative counselor. We contacted TSU to see what other kinds of jobs Jasmine could qualify for with her degree.

Tennessee State University is also plagued with problems. On several occasions I had to travel to the college because of problems such as someone stealing from Jasmine Henderson, housing was also another major problem because it took them months on end to get Jasmine Henderson into housing, and issues with Staff blatantly lying on Jasmine Henderson that she did not turn in keys and having her wait for hours. The Director of Housing had Jasmine there for hours when I saw my daughter turn in the keys to her dorm. The staff at TSU in my opinion did not treat all students equally and I am disappointed in the Education System, especially with how smart students were treated. The training for Nutritionist has obviously been placed on back end when it comes to training and jobs.

Wherefore, Plaintiffs Demands the following:

1. That proper process issue and be served upon the defendants Oakwood University Nadine Dowdie, MPH Distance Dietetics Director Leslie Nelson Pollard Ph.D President and Chief Executive Abu Sabha Rayane, Executive Director Academy of Nutrition
Mary Ann Tacona Associate Executive Director Nutrition Glenda Baskin Glover, President Tennessee State University
be required to appear and answer this complaint with the time required by law.
2. That plaintiffs, Tamara Brown and Jasmine Henderson be awarded a judgement against the defendants, jointly and severally, in the amount of $Tuition Dollars in compensatory damages and $12, 0000.00 Dollars in punitive damages.
3. That the costs of this action be awarded to plaintiffs.
4. Such further and other general relief to which plaintiffs may be entitled.

Respectfully submitted,
Tamara Brown
PO Box 383064
Germantown, TN 38138
1-(901)671-5133
May 1, 2023

*Tamara Brown*

United States District Court for the Northern District of Alabama

Tamara Brown
Jasmine Henderson
Vs.
Oakwood University
Nadine Dowdie, MPH
Distance Dietetics Director
Leslie Nelson Pollard Ph.D
President and Chief Executive
Abu Sabha Rayane
Executive Director Academy of Nutrition
Mary Ann Tacona
Associate Executive Director Nutrition
Glenda Baskin Glover, President Tennessee State University

## Federal Statutes

Many of these students had families and could not pursue further education or training because they had defaulted on previous student loans used to attend a trade school, and thus did not qualify for any current financial aid (including Pell Grants), which they needed to support themselves while attending Community College to obtain training.

Removing the 90/10 protection will have severe consequences in my district. The provisions of HR 507 easing the restrictions on distance learning, and including proprietary institutions within the definition of `` an institution of higher education' must be rejected. It is time we thought about the students, not just the school's bottom line. These schools had a gross default rate of 44.6% for the period 2000-2002.\1\

---

\1\ ED-OIG/A03-C0017 DECEMBER 2003 ``Audit to Determine if Cohort Default Rates Provide Sufficient Information on Defaults in the Title IV Loan Programs'-See chart on p. A1 titled ``Gross Default Rates By Risk Category' (hereinafter referred to as Audit Defaults).

---

## NO STATUTE OF LIMITATIONS
In this country,
for the collection of student loans from defaulting students. When these students are suffering under a crushing student debt burden, because the promised jobs were nowhere to be found, they learn that these loans cannot be discharged in bankruptcy

So, the government has insulated itself from the consequences of these schools' deception, and the disastrous consequences. Don't these ripped-off students deserve some consideration and protection?

The reason that I am so strongly support the 90/10 rule, formerly 85/15 (which should actually have a larger number at the bottom), is

because I think my constituents and other low income persons and
minorities are ill-served by the for-profit colleges and need even
more protection from the false sales pitches of many of these for-
schools. ``Poorer Students Outcomes at Schools
that Rely More on Federal Student Aid \2\," provides support for the
90/10 rule. The rationale behind the 85/15 or the 90/10 rule is that
schools providing a quality education should be able to attract a
reasonable percentage of their revenue from sources other than title IV
funds.

## Complaint I- Negligent Entrustment

Nadine Dowdy did not call Jasmine Henderson Preceptors. Nadine Dowdy did not give Jasmine Henderson two Internship Agreement forms which are kept on file by Oakwood University. This form is used to determine if the Internship has a stipend for compensation. The Affiliation Agreement was not sent to the Preceptor's, which Nadine Dowdie made me believe that she had sent the paperwork. When I reached back out to the Preceptors that we submitted to Nadine Dowdie I was told that no one from Oakwood University had contacted their agencies. The Affiliation Agreement is a document that is sent by Oakwood to the Preceptor. The document should contain Signature of the Dean or Legal Designee of the University. It should contain the signature of the Program Director. The document should also contain a start date and end date. Jasmine Henderson withdrew from Oakwood University when we learned that she had lied to me and my daughter. Nadine Dowdie had in fact been lying and we requested Jasmine Henderson's tuition payment to be returned. The University did not request proof of COVID Vaccination Cards, request fingerprint, or drug screen of Jasmine Henderson.
After, we were informed that we were being lied to by Nadine Dowdy. I contacted the Dietetics Association called Eat Right and the US Department of Education, President of Oakwood University, and Tennessee State University by letter. Jasmine Henderson had to create an account and apply to internships as a black female who have a history of being denied training. Jasmine Henderson paid fees to this organization as well as application fees. I am a single parent and work on a small income. I have a disability for which I can provide documentation from my rehabilitative counselor. We contacted TSU to see what other kinds of jobs Jasmine could qualify for with her degree.


Tennessee State University is also plagued with problems. On several occasions I had to travel to the college because of problems such as someone stealing from Jasmine Henderson, housing was also another major problem because it took them months on end to get Jasmine Henderson into housing, and issues with Staff blatantly lying on Jasmine Henderson that she did not turn in keys and having her wait for hours. The Director of Housing had Jasmine there for hours when I saw my daughter turn in the keys to her dorm. The staff at TSU in my opinion did not treat all students equally and I am disappointed in the Education System, especially with how smart students were treated. The training for Nutritionist has obviously been placed on back end when it comes to training and jobs.

Wherefore, Plaintiffs Demands the following:

1. That proper process issue and be served upon the defendants Oakwood University Nadine Dowdie, MPH Distance Dietetics Director Leslie Nelson Pollard Ph.D President and Chief Executive Abu Sabha Rayane, Executive Director Academy of Nutrition
Mary Ann Tacona Associate Executive Director Nutrition Glenda Baskin Glover, President Tennessee State University
be required to appear and answer this complaint with the time required by law.
2. That plaintiffs, Tamara Brown and Jasmine Henderson be awarded a judgement against the defendants, jointly and severally, in the amount of $Tuition Dollars in compensatory damages and $12, 0000.00 Dollars in punitive damages.
3. That the costs of this action be awarded to plaintiffs.
4. Such further and other general relief to which plaintiffs may be entitled.

Respectfully submitted,
Tamara Brown
PO Box 383064
Germantown, TN 38138
1-(901)671-5133
May 1, 2023

*Tamara Brown*