# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **TAMARA BROWN,** *et al.*, } | |
| } | |
| **Plaintiffs,** } | |
| } | |
| v. } | Case No.: 5:23-cv-00695-MHH |
| } | |
| **OAKWOOD UNIVERSITY,** *et al.*, } | |
| } | |
| **Defendants.** } | |
| } | |

## **ORDER**

The Court ordered Ms. Brown to show cause why the Court should not dismiss this case for lack of subject matter jurisdiction. (Doc. 3).[1] Ms. Brown has responded. (Doc. 4).

Federal courts are courts of limited jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). Therefore, federal courts "have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*,

---

[1] The Court entered a show cause order because Ms. Brown alleged a state-law negligent entrustment claim in her complaint. A federal court may exercise jurisdiction over a state-law claim using its diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1, pp. 1–3, 9–10; Doc. 3, pp. 3). Ms. Brown does not satisfy § 1332's complete diversity requirement because she, Jasmine Henderson, who Ms. Brown has joined as a plaintiff, and defendant Glenda Baskin Glover are citizens of Tennessee. (Doc. 1, pp. 1, 3); *see MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005); *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (quotation omitted) ("Citizenship is equivalent to domicile for purposes of diversity jurisdiction. . . . Domicile requires both residence in a state and an intention to remain there indefinitely.") (internal quotation marks omitted).

228 F.3d 1255, 1260–61 (11th Cir. 2000). Generally, a federal district court may exercise subject matter jurisdiction only when an action presents a question of federal law or when the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

In her complaint, Ms. Brown appears to oppose the federal government's collection of student loan debt from defaulting borrowers. (Doc. 1, pp. 8–9, 11–12, 14–15). Ms. Brown asserts a state-law claim for negligent entrustment based on allegations about Oakwood University's, Oakwood University officials', and Tennessee State University's treatment of her daughter, Jasmine Henderson. (Doc. 1, pp. 9, 12, 15). The claim seems to involve allegations about the Oakwood defendants' purported failure to place Ms. Henderson in an internship program, the plaintiffs' request for a tuition refund from Oakwood, and Tennessee State University's handling of Ms. Henderson's housing arrangements. (Doc. 1, pp. 9, 12, 15).

In her response to the Court's show cause order, Ms. Brown asserts that the claim in this action arises under federal statutes pertaining to perjury, deceptive lending practices, and student loan programs. (Doc. 4, p. 1). Ms. Brown contends that defendant Nadine Dowdie, Oakwood University's Distance Dietetic Internship Director, "made false statements to obtain the student loan funds from Jasmine

2

Henderson," in violation of 15 U.S.C. § 1650, 18 U.S.C. §§ 1621 and 1623, and 20 U.S.C. § 1087b.  (Doc. 4, p. 1).[2]

15 U.S.C. § 1650 prohibits some relationships between lenders and educational institutions, lenders and educational institution employees, lenders and borrowers, and credit card companies and students.  *See* § 1650(b), (c), (d), (e), (f)(2), (g)(1).  The plaintiffs cannot base their claim on this statute because their allegations do not relate to conduct prohibited by § 1650.

18 U.S.C. §§ 1621 and 1623 define the crimes of perjury under oath and false declarations before a grand jury or court.  §§ 1621, 1623(a).  The plaintiffs cannot base their claim on these statutes because the plaintiffs have not alleged that Ms. Dowdie's purported false statements occurred in the context of a proceeding contemplated by §§ 1621 and 1623.

In relevant part, 20 U.S.C. § 1087 authorizes the Secretary of Education to discharge certain student loan borrowers' debts by repaying owed amounts when the borrower's educational institution "failed to make a refund of loan proceeds which

---

[2] In her response to the Court's show cause order, Ms. Brown states that the plaintiffs' claims fall under "20 USCES 1087b section 1 and 2."  (Doc. 4, p. 1).  Section 1087b addresses student loans provided under the William D. Ford Federal Direct Loan Program.  *See* § 1087b.  This statute is not connected to the plaintiffs' claim.  Another subsection of 1087, 20 U.S.C. § 1087(c), appears more on point, so the Court analyzes subject matter jurisdiction based on this statute.  *See* § 1087(c); *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1334 (11th Cir. 2022) (citation omitted) (noting courts "liberally construe" *pro se* filings).

the institution owed to such student's lender." § 1087(c)(1). But § 1087 authorizes lawsuits brought by the Secretary of Education against institutions—not lawsuits brought by private plaintiffs. *See* § 1087(c)(1). To receive § 1087(c)'s protections, a borrower applies for relief through the borrower's guarantor, not by filing suit in court. *See* 34 C.F.R. § 682.402(l)(2), (4) (outlining procedure for seeking relief).

Accordingly, the plaintiffs cannot proceed on the statutes Ms. Brown cited in her response to the Court's show cause order, and this Court lacks subject matter jurisdiction over the negligent entrustment claim in the plaintiffs' complaint. Therefore, the Court dismisses this action without prejudice for lack of subject matter jurisdiction.

The Clerk shall please TERM Doc. 2 and mail a copy of this order to Ms. Brown and Ms. Henderson at their address on file. The Clerk shall please close this case.

**DONE** and **ORDERED** this March 17, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE